MATTER OF SCHONFELD

In SECTION 223 Proceedings

A-11870415-6

*Decided by Acting Regional Commissioner May 26, 1964*

Applicants who do not have, and have never established, an actual residence in this country having been physically present in the United States less than 2 months during a 4-year period following their admission for permanent residence in April 1960 are ineligible for permits to reenter the United States under section 223, Immigration and Nationality Act, since their proposed departure is not temporary within the meaning of the statute.

The District Director, Miami, Florida, has denied these applications on the basis that further residence abroad could not be considered temporary. Appeal has been taken to the Regional Commissioner.

The applicants are a 40-year-old married alien and her 14-year-old son. Both entered the United States at Miami, Florida, on April 3, 1960, with immigrant visas issued at Caracas, Venezuela, charging them against the Czechoslovakian quota. Both were of Israeli nationality.

On April 22, 1960, within three weeks of their admission, both filed Applications for Permits to Reenter the United States, showing departure date of April 26, 1960, the reason being for the mother to liquidate a business. Permits were granted to May 4, 1961. On April 5, 1961, both applied for extensions which were granted to May 4, 1962. On April 14, 1962, both returned to the United States at the port of New Orleans, Louisiana. On April 17, 1962, three days after their return, both again filed Applications for Permits to Reenter the United States, showing proposed departure date as April 21, 1962, which were granted to April 17, 1963. On March 11, 1963, extensions were applied for and granted to April 19, 1964. Both returned to the United States and were admitted at Miami, Florida, on March 21, 1964. On March 23, 1964, two days after this last return, they again filed Applications for Permits to Reenter the United States, showing their proposed departure as March 29, 1964. The District Director at Miami, Florida,

denied the applications on April 2, 1964, and the appeals were filed with a letter from the applicants stating that because of the political situation the husband's and father's printing business would require them to lose 60 per cent of their savings if the business were liquidated now and stating that they had to wait for a better time to liquidate their business.

Section 223 of the Immigration and Nationality Act provides for the issuance of a reentry permit to a lawfully admitted alien who intends to depart temporarily from the United States. In these cases, the applicants do not have and never have established an actual residence in the United States. Their return to the United States on March 21, 1964, was apparently made merely to gain entry within the validity period of the reentry permit for the second time since their arrival in the United States as quota immigrants. Since they are, in fact, residents of Venezuela, having been physically present in the United States less than two months during a four-year period, their proposed departure is not temporary within the meaning of the statute.

ORDER: The decision of the District Director of Miami, Florida, is affirmed, and the appeals of the appellants are hereby dismissed.