## MATTER OF MANION

### In Section 223. Proceedings

#### A-11469109

*Decided by District Director June 24, 1965*

An applicant for a .reentry permit pursuant to section 223, Immigration and Nationality Act, is eligible therefor since he has not abandoned his residence in the United States where his absence from this country since his entry for permanent residence in January 1959 has been in the employ of an American firm; at the time of admission. he was accompanied by his family which he established and has maintained here since entry; one son has petitioned for citizenship and the other plans to do so; applicant has returned from time to time to be with his family; and when his employment permits he plans to remain in the United States and acquire citizenship.

Applicant is a native of Dublin, Ireland, born August 21, 1915, who resided in Nairobi, Kenya, prior to entry to United States for permanent residence on January 15, 1959, at New York, New York. The immigrant visa shows that he was divorced at the time of the visa issuance; that his two children, Alden Douglas Manion and Earl Russell Manion accompanied him to the United States; that he was destined to Mrs. E. Dargen, 693 North Pearl Street, Albany, New York; that his home country was then Dublin, Ireland; that he traveled on South African passport No. N 3444; and that his occupation was regional manager. The visa contains an affidavit of support submitted by Eileen Dargan (nee Manion) of the above Albany address, in which she identifies herself as the sister of applicant and states that her brother is employed as regional manager by a South African firm which is a wholly owned subsidiary of an American firm; that her brother's work will require that he be absent from the United States; and that while her brother is away from the United States, she will provide a home for and supervise the education of the children, Alden and Earl Manion.

On January 19, 1959, applicant applied for a reentry permit. The application shows his home address as 693 North Pearl Street,.

Albany, New York, and states that he will be absent in Kenya and Nigeria on business for a possible period in excess of twelve months. His occupation is shown as regional manager, East Africa, and his employer as Sterling Drug, Inc., 1450 Broadway, New York, New York. In this application, applicant stated that upon his return from abroad he expected to "return to home office and business" and that he expected to depart on January 22, 1959. A permit was issued on March 6, 1959, valid to March 6, 1960, and was delivered to applicant abroad through the American Consul in Nairobi, Kenya.

Applicant applied for further reentry permits on December 21, 1959, January 10, 1961, February 7, 1962, and April 15, 1963. Each of these applications shows his employer as the same American firm by which he was employed prior to entry to United States for permanent residence. A permit was issued in each case.

On April 30, 1965, applicant made the application now under consideration. The application shows that his address is % 845 Jay Street, Albany; that he expected to depart from United States on May 6, 1965, for a period of twelve months to return to his duties as general manager for Sterling Drug International in Central Africa; that his present occupation is general manager; and that his employer is Sterling Drug International, Inc., 90 Park Avenue, New York City, New York. In a statement accompanying the application, applicant states that for the past twenty years he has been employed by Sterling-Winthrop, a United States Corporation, engaged in the development of commerce for the United States in Africa; that he has a sister resident in New York State and a citizen of this country; that his two sons also reside in Albany; that one of these sons is serving with the United States Navy and has applied for citizenship; that the other son will become a citizen on reaching the age of eighteen years; and that applicant is anxious to retain his status as a resident of United States and hopes to live permanently in the United States as soon as it can be arranged. The officer in charge of this Service at Albany has referred the application to the Regional Commissioner, through official channels, with the comment that he does not believe applicant is a permanent resident of United States and that applicant has been employed continuously by the Sterling Drug International in different sections of Africa from 1945 to the present time.

The statute provides taht the Attorney General may issue a reentry permit if he finds that the applicant has been lawfully admitted to the United States for permanent residence; that the application is

made in good faith; and that the alien's proposed departure would not be contrary to the interests of the United States. It has been held that an unexpired reentry permit is the equivalent of a non-quota immigrant visa (*Matter of S—*, 5 I. & N. Dec. 183), and that upon return to the United States of an alien with a reentry permit which has not been procured by fraud or misrepresentation, such reentry permit must be accepted as establishing that the alien to whom it was issued is returning from a temporary visit abroad. The visa in the file shows lawful admission for permanent residence. Since entry, applicant has been absent from the United States in the employ of a United States firm. Applicant was accompanied to United States by his family. His family has resided in United States since his entry with them. One child is now petitioning for citizenship and the other plans to. The record shows that applicant has returned to the United States to be with his family from time to time. He states that when it is possible he hopes to remain here and acquire citizenship in the United States. Applicant is a native of Ireland, has no quota problem, and, since his admissibility to United States has never been questioned, could undoubtedly obtain an immigrant visa should this application be denied. The record shows that on three occasions his reentry permits have been revalidated by United States consuls abroad, who had opportunity to be entirely familiar with the circumstances of his entry to United States and the reasons for his absences from this country.

Interim Decision No. 1376 (*Matter of Schonfeld*, A-11870415-6, decided by the Acting Regional Commissioner May 26, 1964) is distinguished. The circumstances recited in that decision bear small resemblance to the instant case. This applicant established his family in United States following entry, and has maintained his family here since that time. He has been absent in the employ of an American firm. He reported to Federal income tax officials prior to his departures from United States. When the convenience of his employer permits, he hopes and plans to remain in United States without the necessity of proceeding abroad to his employment. It is not believed that he has abandoned his residence in United States or obtained his various reentry permits by fraud or misrepresentation.

ORDER: It is ordered that the application be granted.