## MATTER OF WU

### In Section 211(b) Proceedings

### A-8853045

*Decided by Regional Commissioner February 27, 1973*

Despite applicant's relatively short stays in the United States, denial of his application for a reentry permit under section 223, Immigration and Nationality Act, on the ground that his absence abroad was not temporary was incorrect where he has maintained ties in this country, his absences were in connection with his employment abroad for an American firm, and an application under section 316(b) of the Act to preserve continuity of his residence for naturalization purposes while employed abroad by such firm had previously been approved. Hence, he never lost his lawful permanent resident status and was entitled to admission as such upon application on October 28, 1972, with a *nunc pro tunc* waiver of the returning resident visa requirement pursuant to section 211(b) of the Act.

ON BEHALF OF APPLICANT:   Julius Kaplan, Esquire
1218 Sixteenth Street, N.W.
Washington, D.C. 20036

The District Director, Washington, D.C., granted the application and then pursuant to 8 CFR 103.4 certified this case to me for review and final decision.

The applicant is a native and citizen of China, born November 3, 1933. He first entered the United States on February 13, 1955, as a nonimmigrant student. He has received a Bachelor of Arts and Master of Arts degrees from universities in the United States. Under section 245 of the Act, his status was adjusted to that of lawful permanent resident on January 27, 1967. Since September 5, 1967, he has been and continues to be employed in an executive capacity by the International Basic Economy Corporation (IBEC). The latter is an American diversified operating company with subsidiaries abroad. It is substantially involved in the development of private enterprise overseas. During April 1968, IBEC assigned applicant to Japan to coordinate various matters involving finance, public relations, marketing programs, and the development of foreign trade and commerce of the United States.

On February 1, 1968, applicant filed with the District Director of

the Service at New York an Application to Preserve Residence for Naturalization Purposes under Section 316(b) of the Act. This application was approved on February 9, 1968, by the following order signed by the District Director:

It is ordered that the within-named applicant be granted the benefits applied for in this application to cover absence from the United States from the date stated therein to an indefinite date thereafter so long as he remains in the employment and is absent for the purpose alleged therein.

Section 316 of the Act sets forth the residence requirements that a lawful permanent resident must meet to establish eligibility for naturalization as a United States citizen. Section 316(b), in part, provides for certain exceptions to the required continuous residence available to certain classes of aliens, one such class being aliens employed by an American firm or corporation engaged in whole or in part in the development of foreign trade or commerce or a subsidiary thereof more than 50 per centum of whose stock is owned by the American firm or corporation...

The record shows that on January 27, 1968, applicant was issued a reentry permit pursuant to section 223 of the Act; that since his departure from this country during April 1968 he has been readmitted to the mainland United States on five occasions as a returning lawful resident upon presentation of a valid reentry permit; that on January 11, 1972, he entered at Agana, Guam for the purpose of applying for a new reentry permit because the permit he was then holding would expire on January 15, 1972.

The District Director at Honolulu, Hawaii denied the application for a new reentry permit on the ground that applicant failed to establish he had a permanent residence in the United States or that his stay abroad was temporary within the meaning of section 223 of the Act. The Regional Commissioner having jurisdiction over the Honolulu District of the Service dismissed the appeal from denial of the application. The Regional Commissioner concurred in the finding that applicant's absence from this country was not temporary. He pointed out that section 223 of the Act states in part "Any alien lawfully admitted to the United States . . . who intends to depart temporarily from the United States may make an application to the Attorney General for a permit to reenter. . . ." and cited *Matter of Schonfeld*, 10 I. & N. Dec. 669. The Regional Commissioner found that *Matter of Manion*, 11 I. & N. Dec. 261, relied on by counsel for applicant, was not applicable.

The applicant applied for admission to the United States at Washington, D.C. on October 28, 1972. His inspection was deferred. During the course of the further inspection, he continued to claim that he had not lost his status as a lawful permanent resident. He filed an Application for a Waiver of a Returning Resident Visa

under Section 211(b) of the Act. As stated above, the District Director, Washington, D.C. approved the waiver application and found applicant admissible as an immigrant lawfully admitted for permanent residence who is returning from a temporary stay abroad.

Additional evidence is before me which was not of record at the time applicant's last application for a reentry permit was denied. It includes copies of applicant's federal income tax returns for the years 1968 through 1971. He filed those returns as a resident alien. It would have been to his pecuniary advantage to file as a nonresident alien. Evidence has been submitted that since February 1968, he has maintained a checking and a savings account with a bank in the United States as well as an account with a large brokerage firm in this country.

In *Matter of Schonfeld, supra,* the applicants were a mother and 14-year old daughter who within three weeks after admission applied for reentry permits to return to their home country about one month after their first arrival. The permits were issued. Subsequently two more permits were issued to them. At the time of their last application for reentry permits, it was found that during the four year period following their initial admission for permanent residence they had resided in this country less than two months. Clearly, they had not established an actual residence in this country and their proposed departure was not temporary.

I do not believe that the facts in the instant case come within the purview of *Schonfeld.* They do substantially come within the ambit of Matter of *Manion.* In *Manion,* the applicant was admitted for lawful permanent residence on January 15, 1959. On and before that date he was employed abroad in an executive capacity by an American firm engaged in international trade. On January 19, 1959, December 21, 1959, January 10, 1961, February 7, 1962 and April 15, 1963, he applied for reentry permits for the purpose of proceeding abroad on business in the same employment. Each of these applications was approved. He was still so employed in 1965 when he applied for another reentry permit.

When his employment permitted, Manion intended to return to and remain in the United States and acquire United States citizenship. He was found eligible for and was issued another reentry permit in 1965. Manion was divorced and his children lived in the United States with his sister.

The wife of the applicant in the instant case is a lawful permanent resident. One of their children was born in this country and has a United States passport. A second child is the beneficiary of an approved second preference visa petition filed by the applicant. This will facilitate the issuance of an immigrant visa to the

child when the applicant and his family return to reside in the United States upon termination of his assignment abroad by his employer.

There is no question that the applicant is otherwise admissible to this country under our immigration laws. Unlike Schonfeld, he and his wife did establish a residence in the United States prior to his going abroad to serve in an executive capacity for IBEC.

I believe one purpose of section 316(b) was to benefit an American firm engaged in developing international trade by permitting its lawful permanent resident aliens to retain the continuity of their residence for naturalization purposes while employed abroad by such firm. It is inconsistent with the objectives of section 316(b) to hold that an alien who has been found eligible for the benefits thereof has lost his status as a permanent resident solely because of his extended absences abroad in the employment of the American firm. The applicant herein has at all times taken every action available to him under the applicable statutes to retain his status as a lawful permanent resident and to preserve his continuity of residence for naturalization as a citizen of the United States.

The applicant applied for admission to the United States on October 28, 1972, for the precise purpose of testing his admissibility as a returning resident. On or about November 12, 1972, before a decision had been made, the applicant departed from the United States after informing the district director that the departure was necessitated by urgent business matters. Ordinarily, the applicant's departure would be considered to have rendered moot his application for admission. However, under the circumstances of this case, and particularly since the district director recognized that the alien's last application for a reentry permit may have been denied erroneously, the district director agreed to consider the application for admission, and I concur in that determination.

I have carefully reviewed the entire record, including representations by counsel for applicant. Based upon the evidence before me, I find applicant's absences from this country have been and continue to be temporary and that he has never lost his status as a lawful permanent resident. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the application under section 211(b) of the Act for a waiver of the returning resident visa be and the same is hereby approved *nunc pro tunc* as of October 28, 1972.

*It is further ordered* applicant's admission as a lawful permanent resident be recorded as of October 28, 1972.