MATTER OF SOUQI

In Section 223 Proceedings

A-30261999

*Decided by Regional Commissioner July 11, 1973*

Notwithstanding applicant's recent admission to the United States for perma-
nent residence, application for issuance of a reentry permit is granted for the
purpose of returning abroad for approximately two years to dispose of his
business and home and to arrange to bring his immediate family to the United
States for permanent residence. [*Matter of Schonfeld*, 10 I. & N. Dec. 699,
distinguished.]

This case is before me by certification. The District Director
previously denied the application and no appeal was taken.

The District Director succinctly stated the facts of this case and
the basis for his decision, as follows:

The record in your case shows that you were admitted to the United States for
permanent residence on July 21, 1972; that you listed your final address here as
N. 4945 Fairfield, Chicago, Illinois; that instead of proceeding to that address
you came to Detroit to visit a son whom you state is a student here; that you
have not been employed in the United States since your last entry; and that you
claim you now intend to return to Kuwait for two years to sell your business and
home and bring your family here.

The term residence as defined in section 101(a)(33) of the Immigration and
Nationality Act, as amended, reads: .... "the place of general abode; the place of
general abode means the principal, actual dwelling place in fact, without regard
to intent." Your brief sojourn in this country of less than two months is not
sufficient to establish any degree of permanency; moreover, the record clearly
indicates that you have never abandoned your residence in Kuwait, as abso-
lutely no ties were or have been severed and all your immediate family still
resides there. Therefore, your proposed departure from the United States is
judged not to be temporary within the meaning of section 223 of the Immigra-
tion and Nationality Act, as amended.

In this case, we believe the District Director's decision strains
the facts. There is nothing unusual about alien immigrants not
having sold their homes or businesses prior to their coming to the
United States. The American Consuls specifically warn them
against doing so prior to issuance of their visas and the maximum
of four months period of validity of the latter frequently affords
insufficient time after issuance to accomplish this, particularly if
they have substantial holdings.

In his application, to the question "Reasons for going abroad", the applicant wrote "To sell business and home. Bring my family." When interviewed under oath at Detroit, the applicant explained that abroad he owned and operated an electrical equipment store—air conditioners, refrigerators, *etc.*; that he also owned a house there where he lived with his wife and five children. In the United States, he has one son and brother. In addition to selling his holdings, the applicant testified he wanted to make arrangements for his wife and children to obtain visas and come to the United States. The interviewing officer, in his summary, set forth that when the applicant was asked why he didn't do this prior to his admission to the United States, "He said it was very difficult to make all of the arrangements because of his business and the children being in school."

We note that the applicant has gone through the procedures of having his brother file, on his behalf, a petition for a preference status of issuance of an immigrant visa and has gone through the procedure of seeking and obtaining an immigrant visa. He has undergone the time consuming and expensive process of traveling to the United States to be lawfully admitted for permanent residence. We do not believe these procedures are undertaken lightly.

This applicant is able to depart the United States without the permit he seeks and be readmitted for permanent residence upon presentation of his Alien Registration Receipt Card if he returns within one year after the date of departure. The reentry permit he seeks enables him to obtain an extension of the validity of the reentry permit to embrace a two-year maximum period. It is our opinion that the present circumstances of the applicant, a need to dispose of specific holdings and arrange to bring his immediate family to the United States for permanent residence, are precisely one of the sets of circumstances contemplated by section 223 of the Act.

None of the facts set forth by the District Director, either individually or collectively, support denial of the application. Although not cited by the District Director, this case is readily distinguishable from *Matter of Schonfeld*, 10 I. & N. Dec. 669, denying applications for permits to reenter the United States in which case the applicants had already been issued reentry permits and extensions thereof on two occasions for the alleged purpose of liquidating a family business (without doing so) and had been physically present in the United States less than two months during a four-year period. In *Schonfeld*, the reentry permit was denied upon a finding that under the circumstances present in

391

that case, the applicant was not seeking to depart temporarily. In the instant case, it would be premature to make a similar finding on the basis of the alien's actions since his lawful admission for permanent residence, this being his first departure since such admission.

It is ordered that the application be granted.